ANNA M. ALLEN, RESPONDENT, *v.* GEORGE E. SWAN, APPELLANT.

*Justices' Court — entry of a judgment for too large an amount — power of the successful party to remit a part of it — costs of an appeal to the County Court.*

In this action, brought in a Justice's Court, a verdict was rendered for the plaintiff for thirty-four dollars and fifty cents, upon which a judgment was entered by the justice for thirty-four dollars and fifty cents damages and eighteen dollars and eighty-seven cents costs. Two days thereafter the plaintiff left with the justice a written offer to remit the sum of fifteen dollars and twenty-nine cents from the said judgment. On the following day the defendant appealed to the County Court where the plaintiff recovered a judgment for the amount to which he had offered to reduce the judgment.
*Held,* that the defendant was entitled to the costs of the appeal.
The provision of section 3016 of the Code of Civil Procedure, to the effect that " where a verdict, or the decision of the justice upon a trial without a jury, is rendered in favor of either party for a sum of money, the prevailing party may remit any portion thereof, and take judgment for the residue," only authorizes a remission to be made before the judgment is entered; after the entry of the judgment the justice has no power to alter or change the record.

APPEAL from an order of the Onondaga County Court, denying a motion made by the appellant for a retaxation of costs herein and for an order directing the clerk to tax costs in favor of the appellant.

The action originated in a Justice's Court in the city of Syracuse; was twice tried before a jury, and on the 29th day of November, 1882, the jury rendered a verdict in favor of the respondent for thirty-four dollars and fifty cents, and judgment was on that day entered for that amount, plus eighteen dollars and eighty-seven cents costs, in all fifty-two dollars and thirty-seven cents.

Two days thereafter, to wit, on November 31, 1882, the respondent left with the justice a written offer to remit from the amount of the above entitled judgment the sum of fifteen dollars and twenty-nine cents, and to take judgment for the sum of nine-

teen dollars and twenty-one cents, which was the sum for which judgment was demanded in the complaint, with costs. On the 1st day of December, 1882, the appellant duly appealed to the Onondaga County Court for a new trial on the merits. The respondent recovered in the County Court the sum of nineteen dollars and twenty-one cents.

*Hancock & Monroe,* for the respondent.

*Gray & Kline,* for the appellant.

Barker, J.:

Upon receipt of the verdict it is the duty of the justice forth-with to render judgment and enter it in his docket-book. (Sec. 3015.) All agree, after the performance of this act, he is without jurisdiction or authority to alter or change the record in any respect.

In my opinion the offer of the plaintiff to reduce the judgment was wholly ineffective for that purpose, and that it remained as it was entered, a judgment for thirty-four dollars and fifty cents damages, and eighteen dollars and eighty-seven cents costs, notwithstanding the entry made by the justice. Section 3016 does not recognize any such proceedings. It is merely a statutory permission authorizing the party in whose favor the verdict is rendered, to remit any portion thereof and take judgment for the residue. A record of judgment made up and entered according to the rules and practice of the court in which the action is pending, cannot be altered or amended *by an ex parte* motion of either party. This is a general rule applicable to all courts.

The offer of the plaintiff to reduce the judgment and the entry made by the justice in his docket is a proceeding unknown to the law. There is no power or authority vested in any court or officer to regulate the practice by which such a result may be reached: to admit the right of the plaintiff to make and file an offer with a view of altering the record would be mischievous, misleading, and often result in dispute and contentions between the parties. If the party in whose favor the judgment is entered may authorize the justice to modify the same by reducing the amount thereof, he may do it any moment before the notice of appeal is served. This might be done by the party claiming the right at such time and under such cir-

cumstances as to make it exceedingly difficult for the party feeling aggrieved by the judgment, to determine whether his interest would be best served by acquiescing in the judgment as reduced by the offer, or to seek further modification by appeal.

In this case it does not appear that the appellant had notice at the time he served notice of his appeal that the offer had been made and filed, and that the justice had made an entry in his docket of the fact. If the offer as made and filed with the justice had been brought to the appellant's attention, he could not have determined by an inspection of the same whether or not the attorney who signed it, in the name of the plaintiff was authorized to make the offer. The instrument is not acknowledged by the plaintiff, nor is it accompanied with any evidence that the attorney who executed it was authorized to perform the act. In my opinion the appellant was entitled to the costs of appeal in the County Court, and that it should be so ordered.

The order should be reversed and costs awarded to appellant.

SMITH, P. J., and HARDIN, J., concurred.

Order reversed and retaxation ordered, with ten dollars costs and disbursements.